IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH ROSS,               )<br>                             )<br>   Plaintiff,              )<br>                             )<br>   v.                        )<br>                             )<br>GUY PIERCE and TIM LOVE,     )<br>                             )<br>   Defendants.            )  | Case No. 3:03-cv-141-WDS |

## REPORT AND RECOMMENDATION

This matter has been referred to the Magistrate Judge Donald G. Wilkerson by Senior United States District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by the defendants, Guy Pierce and Tim Love, on November 30, 2004.  (Doc. 11)  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment  be **STRICKEN** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The plaintiff, Kenneth Ross, filed his Complaint on March 3, 2003.  (Doc. 1)  Defendant Love signed a waiver of service of summons on December 14, 2005, requiring a responsive pleading to be filed within 60 days.  (Doc. 10)  Defendant Pierce signed a waiver of service of summons on February 4, 2005, requiring a responsive pleading be filed within 60 days.  (Doc 14)  On February 7, 2005,  Love and Pierce filed a motion for summary judgment.  (Doc. 11)  No responsive pleading has been filed by either defendant.

### CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 7 requires an answer to be filed to a complaint. Federal Rule of Civil Procedure 12(b) allows a party to file a motion to dismiss in lieu of filing an answer. Neither rule allows a party to file a motion for summary judgment prior to filing an answer or a motion to dismiss. Id. Federal Rule of Civil Procedure 7 distinguishes between "pleadings," which include "an answer" and "motions and other papers" Id. See Perry v. Sullivan, 207 F.3d 379, 382 (7th Cir. 2000).

The first document filed by the defendants is the pending motion for summary judgment. This motion is not a pleading that is listed in Federal Rule of Civil Procedure 7 as it is not an answer. Nor is the motion captioned as a motion to dismiss, pursuant to Rule 12(b), that may be filed prior to the filing of an answer. As Judge Stiehl construed the plaintiff's initial filing as a complaint, the defendants, having waived service of process, should have filed a responsive pleading – i.e. a motion to dismiss or an answer. Instead, they filed the current motion for summary judgment. The Court could convert the motion for summary judgment into a motion to dismiss and then construe it as a motion for summary judgment to move the litigation along, however, the defendants current pleadings makes arguments that go to both a motion to dismiss and a motion for summary judgment.

For the reasons set forth above, it is the **RECOMMENDATION** of this Court that the Motion to Dismiss (Doc. 11) be **STRICKEN** and that defendants be ordered to file a responsive pleading that comports with the requirements of Federal Rule of Civil Procedure 7 or 12(b) within two weeks of the District Court's ruling on the Report and Recommendation, and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 3, 2005.**

<u>**s/ Donald G. Wilkerson**</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**