## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH ROSS                          )
                                              )
       **Plaintiff,**                      )
                                              )
 **v.**                               )          No. 03-CV-141-WDS-DGW
                                              )
**ROGER COWAN, MAVIS WITTENBORN** )
**GUY PIERCE, and TIM LOVE,**         )
                                              )
       **Defendants.**                    )

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson that defendants Pierce and Love's joint motion for summary judgment be stricken for defendants' failure to file an answer or other responsive pleading before filing the motion for summary judgment. The defendants have filed an objection to the recommendation.

## BACKGROUND

Plaintiff, an inmate currently housed in the Danville Correctional Center, filed his complaint in March of 2003, seeking to recover for alleged violations of his First Amendment rights to practice his religion, African Hebrew Israelite, while he was incarcerated at Lawrence Correctional Center.[1]  Specifically, plaintiff asserts that upon his arrival at the Lawrence Correctional Center in early 2002, he sought authorization to participate in Passover ceremonies which would have begun at sundown on March 27th.  Defendant Love responded to his request by asking plaintiff to provide verification of his religious affiliations.  Plaintiff provided names

---

[1]Once plaintiff tendered his initial partial filing fee, the Court dismissed Count 1, and defendants Cowan and Wittenborn, in its threshold review. (*See* Doc. # 5, Order of November 30, 2004.)  Therefore, the only viable claim, Count 2,  is against defendants Love and Pierce.

of religious contacts, but Love was not able to confirm plaintiff's membership in the African

Hebrew Israelite faith in time to have him participate in the religious rite.   Believing his request

was not being honored, plaintiff wrote a grievance concerning his request to participate in

Passover and the Feast of Unleavened Bread.  The grievance was denied and contained the

signature of defendant Pierce.

## THE RECOMMENDATION OF THE MAGISTRATE JUDGE

Love and Pierce received service of process on December 14, 2004,  and February 4,

2005, respectively.  Their initial pleading is the summary judgment motion.  They have not filed

an answer.  Upon review of the record, the Court sustains the objections of the defendants and

rejects the magistrate judge's recommendation that the Court strike the summary judgment

motion.  There simply is no requirement that the defendant file an answer before filing a motion

for summary judgment.  The rule governing summary judgment motions, Fed. R. Civ. P. 56

provides that the motions can be filed "at any time."  Rule 56(b).

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating

that no evidence exists to support the non-moving party's contentions. *Celotex Corp. v. Catrett,*

477 U.S. 317, 323 (1986). If the moving party meets this burden, then the non-moving party

must set forth specific facts showing that there is a genuine issue of material fact requiring a jury

trial. *Id.*  at 324. In reviewing a motion for summary judgment, the Court must view the record

and draw all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247 (1986). However, "this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (noting that court is required to draw "only those inferences that are reasonable").

    A.    <u>Defendant Love</u>

Love seeks summary judgment on several grounds.  The first ground is that plaintiff did not comply with the Department of Corrections requirement that he file, in writing, a request for a religious diet or religious holiday observance not less than 45 days before the event.  The second requirement is that the request must contain a verification that the inmate is a member of the faith group.  This requirement is met by providing the name of an outside religious leader or faith representative who can verify the prisoner's participation in the religion.  Initially, the Court notes that the plaintiff did notify the department before the 45 day time period.  He arrived at Lawrence Correctional Center on January 31, 2002, sent a letter to Love, an ordained Southern Baptist minister who is employed by the Department of Corrections, seeking to participate in Passover events on March 27, 2002.   This time period was 52 days, therefore, the first basis for summary judgment is without merit.

The second ground, that the plaintiff did not provide verification of his religious affiliation appears to raise a question of fact.  The record is clear that he provided the names and addresses of at least three persons who could verify his faith.   One was not accessible to Love because he did not have e-mail access and the only address provided was an e-mail address.  Love apparently attempted to contact the other persons identified, but was unable to reach them.

In his response, plaintiff states that he had a meeting with Love in March, 2002, and that in addition to the three sources,  he provided two letters regarding his faith, one from 1994 and the other from 1995.   Despite this, his religious requests were denied and during his entire stay at Lawrence he was not allowed to attend any of the worship services or observe any holy days.

Upon review of the record, the Court finds that a genuine question of material fact exists as to whether Love properly denied plaintiff the right to practice his faith.  Accordingly, defendant Love's motion for summary judgment is denied.

B.    Defendant Pierce

Pierce seeks summary judgment on the grounds that although his name appears on plaintiff's grievance denial, the signature is not his because he gave his signature authority to his Assistant Warden, Michelle Pulley and that she signed his name to the denial of plaintiff's grievance.

It is well settled that section 1983 does not allow actions against individuals merely for their supervisory role of others. "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir.1996), *quoting Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983).  Although direct participation is not necessary, there must at least be a showing that Pierce acquiesced in some demonstrable way in the alleged constitutional violation.  *Kelly v. Mun. Courts of Marion County*, 97 F.3d 902, 909 (7th Cir.1996); *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir.1986).  Here, plaintiff has pointed to the fact that Pierce sent a copy of his letter concerning religious accommodations to Love, and that he had been made aware of plaintiff's disagreement with the process.  Moreover, his own affidavit provides that he gave his authority to the assistant warden.   If that authority included the mere carrying out of his policies,

as opposed to independent actions by the assistant warden, that would be enough to preclude summary judgment.  The record is not clear as to the specific relationship between Pierce and his assistant warden, and therefore a question of material fact exists.

Accordingly, the Court **DENIES** defendant Pierce's motion for summary judgment at this time.

### CONCLUSION

Accordingly, the Court **SUSTAINS** the defendant's objections and **REJECTS** the magistrate judge's recommendation (Doc. #18).   The Court **FURTHER DENIES** defendants' joint motion for summary judgment on all grounds (Doc. #11).

**IT IS SO ORDERED.**

DATED: September 28, 2005

　　　　　　　　　　　　　　　　　　　s/WILLIAM D. STIEHL　
　　　　　　　　　　　　　　　　　　　　DISTRICT JUDGE